UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHATOSHA ANDERSON<br><br>Plaintiff,<br><br>v.<br><br>ILLINOIS DEPARTMENT OF EMPLOYMENT SECURITY<br><br>Defendant. | Case No. 23-cv-04097<br><br>Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Plaintiff Shatosha Anderson sued her employer, Defendant Illinois Department of Employment Security, claiming that Defendant violated federal employment laws by discriminating and retaliating against her due to her age, race, and gender. Defendant moved for dismissal of the amended complaint and for a partial judgment on the pleadings. [20]. For the reasons explained below, the Court grants the motion to dismiss and denies the motion for partial judgment on the pleadings. [20].

### I. Background

The Court accepts as true the following allegations from the operative complaint [14]. *See Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021).

Plaintiff Shatosha Anderson is a Black woman over the age of 40 years old who lives in Woodridge, Illinois. [14] ¶ 6. She has worked for Defendant Illinois Department of Employment Security ("IDES") since June of 2015. *Id.* at ¶¶ 7-9. Her

1

current position with the agency is EF Tax Auditor II. *Id.* at ¶ 9. Anderson alleges that, at all relevant times, she met her performance expectations "without regard to gender, age, race, or previous EEOC activity." *Id.* at ¶ 10.

In April 2021, Anderson filed a charge of race, gender, and age discrimination with the EEOC. *Id.* at ¶ 11. Over a year later, in November 2022, she was suspended without pay for one day for failure to meet performance goals. *Id. at* ¶ 12. On March 6, 2023, she filed another race, gender, and age discrimination charge with the EEOC, based on the November 2022 suspension, as well as a charge of retaliation. *Id.* ¶ 14. Anderson alleges that after this second EEOC complaint, her supervisor, Nick Frega, retaliated against her by micromanaging her, giving her unwarranted poor performance reviews and audit ratings, and generally interfering with her job duties. *Id.* ¶¶ 15-21. Anderson received another suspension without pay in April 2023, this time for five calendar days. *Id.* ¶ 16. In September 2023, Frega placed Anderson on a corrective action plan, which she remains on to this day.

## II. Legal Standard

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quotations and citation omitted); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A plausible claim is one that alleges factual content from which the Court can reasonably infer

2

that the defendant is liable for the misconduct as pleaded. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A court deciding a Rule 12(b)(6) motion "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] all well-pleaded facts as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021). However, the court need not accept as true "statements of law or unsupported conclusory factual allegations." *Id.* (citation and internal quotation marks omitted). "While detailed factual allegations are not necessary to survive a motion to dismiss, [the standard] does require more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action to be considered adequate." *Sevugan v. Direct Energy Servs.*, LLC, 931 F.3d 610, 614 (7th Cir. 2019) (cleaned up).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Deciding the plausibility of the claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586–87 (7th Cir. 2021) (quoting *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 676 (7th Cir. 2016)).

As for the motion for partial judgement on the pleadings, Rule 12(c) permits a party to move for judgment on legally deficient claims based on the pleadings alone. Fed. R. Civ. P. 12(c). Pleadings include the complaint, the answer, and any written

3

instruments attached as exhibits. *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 312–13 (7th Cir. 2020) (internal citation omitted). This Court reviews Rule 12(c) motions under the same standards as a 12(b)(6) motion to dismiss. *Mesa Lab'ys, Inc. v. Fed. Ins. Co.*, 994 F.3d 865, 867 (7th Cir. 2021); *Lodholtz v. York Risk Servs. Grp., Inc.*, 778 F.3d 635, 639 (7th Cir. 2015). Once again, this Court takes all facts in the amended complaint as true and draws all reasonable inferences and facts in favor of Plaintiff as the nonmoving party. *Mesa*, 994 F.3d at 867.

### III. Analysis

Anderson's amended complaint alleges discrimination in violation of the ADEA (Count I), race and gender discrimination in violation of Title VII (Counts III and IV), and retaliation in violation of the ADEA and Title VII (Counts II and V). [14]. IDES moves to dismiss all counts for failure to state a claim under Rule 12(b)(6), and in the alternative, to dismiss the retaliation claims under Rule 12(c) for Anderson's failure to exhaust. For the following reasons, the Court grants Defendant's motion in part and denies it in part.

#### A. Discrimination Claims

IDES argues that Anderson's allegations as to the discrimination claims are conclusory and lack a factual nexus between her protected characteristics (race, gender or age) and any adverse employment actions she experienced. The Court agrees.

To state a claim for employment discrimination under both Title VII and the ADEA, a plaintiff "need only aver that the employer instituted a (specified) adverse

4

employment action against the plaintiff on the basis of" a protected characteristic. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). Under Title VII, those protected characteristics include race and gender, 42 U.S.C.A. § 2000e-2, while the ADEA protects against discrimination against those over the age of 40. 29 U.S.C. § 623(a)(1). Still, simply pleading that a plaintiff belongs to a particular protected group and suffered mistreatment is not enough. *Bell*, 835 F.3d at 738. Some causal relationship beyond "mere labels and conclusions" must be shown. *Id.* (internal quotations omitted). This relationship can be shown or inferred in a variety of ways, but without it, a discrimination claim cannot survive a motion to dismiss. *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022) ("[A] plaintiff must advance plausible allegations that she experienced discrimination because of her protected characteristics."). It bears emphasizing that at this stage, the bar is low: plaintiffs need only plead "the type of discrimination, when it occurred, and by whom." *Stumm v. Wilkie*, 796 F. App'x 292, 295 (7th Cir. 2019). The tests under the ADEA and Title VII are "virtually identical at this stage," *Stone v. Bd. of Trustees of N. Illinois Univ.*, 38 F. Supp. 3d 935, 945 (N.D. Ill. 2014), so the Court will analyze the merits of the discrimination claims together.

    The Court finds that Anderson has not met the low bar to state a claim of discrimination based on her race, gender, or age. Anderson is a Black woman over the age of 40. Yet her complaint does not contain even a conclusory statement that her suspensions were caused by these characteristics. *See* [14] at ¶¶ 25, 38, 44. Anderson also fails to allege any other facts that give rise to a plausible inference that

5

IDES mistreated her based on protected characteristics. The only factual detail Anderson provides is that "other, younger, non-Black, male colleagues … who also failed to meet performance goals were not suspended." *Id.* ¶¶ 13, 17. That thin assertion does not plausibly connect the alleged adverse employment actions taken by IDES to Anderson's race, gender, or age. *See Kaminski*, 23 F.4th at 777-78 (directing plaintiff bringing an employment discrimination claim to "explain, in a few sentences, how she was aggrieved and what facts or circumstances lead her to believe her treatment was because of her membership in a protected class."). The Court accordingly grants Defendant's motion to dismiss Counts I, III, and IV for failure to state a claim.

### B. Retaliation Claims

IDES advances two arguments for dismissing the Title VII and ADEA retaliation claims: 1) Anderson did not exhaust her administrative remedies with respect to the April 2023 suspension and subsequent alleged retaliatory conduct by IDES personnel; and 2) Anderson's remaining allegations concerning the November 2022 suspension fail to state a claim because she does not show a causal link. Neither of these arguments are persuasive.

To successfully plead a retaliation claim, a plaintiff must allege that she "engaged in statutorily protected activity and was subjected to an adverse employment action as a result." *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 828 (7th Cir. 2014) (cleaned up). "Protected activities include opposing employment practices made unlawful under Title VII, whether internally or by filing a charge or participating in a Title VII investigation." *Elzeftawy v. Pernix Group, Inc.*, 477 F.

6

Supp. 3d 734, 770 (N.D. Ill. 2020) (citing *Salas v. Wis. Dep't of Corr.*, 493 F.3d 913, 924 (7th Cir. 2007)). Again, the test for ADEA retaliation at this stage is basically the same. *See Stone*, 38 F. Supp. at 945.

The Court turns first to Defendant's motion for judgment on the pleadings. IDES notes that Anderson only filed an EEOC charge in April 2023 after her suspension in November 2022 suspension, and not again after her second suspension in April 2023. IDES argues that because Anderson can only plead claims based on the allegations included in the pertinent EEOC charge, the Court should dismiss the claims contained in the Amended Complaint to the extent that they reference the April 2023 suspension and any subsequent conduct.

Title VII and the ADEA both set up "remedial scheme[s] in which laypersons, rather than lawyers, are expected to initiate the process" by filing charges with the EEOC before a formal lawsuit. *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 399 (7th Cir. 2019). It typically follows that "a Title VII [or ADEA] plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge." *Schloss v. City of Chicago*, No. 18 C 1880, 2019 WL 6716613, at *3 (N.D. Ill. Dec. 10, 2019) (quoting *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994)) (cleaned up). However, the Seventh Circuit has repeatedly recognized a practical exception for "post-charge retaliation." "[A] plaintiff who alleges retaliation for having filed a charge with the EEOC need not file a second EEOC charge to sue for that retaliation." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1030 (7th Cir. 2013) (citing *McKenzie v. Illinois Dep't of Transp.*, 92 F.3d 473, 482-83 (7th Cir.1996)). Here, Anderson does not dispute

7

that she never filed an EEOC charge based on her second suspension, her supervisor's poor performance reviews, and other alleged retaliatory conduct that followed her April 2023 EEOC charge. Instead, she correctly points out that she was not obligated to file a duplicative EEOC charge based on retaliation for an EEOC charge. The Court agrees that Anderson's additional allegations fall into the exception for post-charge retaliation—the April 2023 suspension occurred right after Anderson filed an EEOC charge. *See Schloss*, 2019 WL 6716613, at *3 ("[M]ost cases falling into the exhaustion exception appear to occur when an employer retaliates directly after the employee files an EEOC charge."). Defendant's motion for judgment on the pleadings is therefore denied.

Next, IDES contends that the time gap between Anderson's 2021 charge and her suspension in November 2022 is too long to draw a causal link between the three events, and that the claims should be dismissed as a result. This argument is naturally less persuasive after applying the exhaustion exception, as Anderson's claims are not limited to the November 2022 suspension. Still, even though a substantial time lapse can undermine a retaliation claim, a plaintiff need not show definitive causation to make out discrimination at the pleading stage. Moreover, the Seventh Circuit has cautioned district courts against using "bright-line timing rule[s]" to dismiss retaliation claims. *Carlson*, 758 F.3d at 828. Based on what could be construed as a pattern of retaliatory conduct, it is plausible that Anderson's EEOC charges influenced Defendant's decisions to suspend her. *See id.* at 829 (allegations of a pattern of retaliatory behavior may overcome gaps of time between protected

8

activity and adverse action). The Court will allow Anderson the opportunity to develop the record on her retaliation claims. The Court denies Defendant's motion to dismiss Counts II and V for failure to state a claim, or for judgment on the pleadings.

## IV. Conclusion

For the reasons explained above, the Court GRANTS in part Defendant's motion to dismiss [20]. Counts I, III, and IV are dismissed. The Court DENIES Defendant's motion to dismiss, as well as its motion for judgment on the pleadings, with respect to Counts II and V. [20]. As this is Plaintiff's first amended complaint, the claims are dismissed without prejudice.

E N T E R:

Dated: September 10, 2024

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge