UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHATOSHA ANDERSON  Plaintiff,  v.  ILLINOIS DEPARTMENT OF EMPLOYMENT SECURITY  Defendant. | Case No. 23-cv-04097  Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Plaintiff Shatosha Anderson sued her employer, Defendant Illinois Department of Employment Security ("IDES"), claiming that IDES violated federal employment laws by discriminating and retaliating against her due to her age, race, and gender. [14]. Anderson moved to compel IDES to produce certain documents, including the unredacted names of Auditor IIs supervised by Mr. Hogdahl. [46]. At a hearing on May 22, 2025, the Court partially denied the motion. *See* [47] (denying Plaintiff's motion to compel as to the Quality and Timeliness Metrics for all Auditor II positions). For the reasons explained below, the motion to compel [46] is further denied as to the names of the redacted Auditor IIs.

## Discussion

On May 22, 2025, the Court held a hearing on Anderson's motion to compel. *Id*. At that hearing, Plaintiff's counsel stated that "the decision-maker for the employee discipline that has been issued to Plaintiff is in charge or manages all of

1

those 40-plus people in the spreadsheet that Defendant gave us." [48] at 3. Plaintiff explained that Anderson was looking for unredacted names of Auditor II's because "they're clearly comparators in light of the fact that the manager who decided to discipline [Anderson] is managing all of those individuals." *Id*. at 3. IDES responded that the information Plaintiff sought was not relevant, because the manager referenced, Mr. Hoghdahl, does not make disciplinary decisions regarding employees, including in their hiring and firing. *Id*. at 5. ("So in discovery, both written and oral, this manager does not make that decision. Only the *Labor Relations department* makes a decision as it relates to discipline.") (emphasis added). Plaintiff's counsel asked to be heard further and stated, "the manager said clear as day, during his deposition, as did Mr. Frega, [Plaintiff's] supervisor, that the manager is the one who decided to refer the matter to Labor Relations for discipline… that manager (Mr. Hoghdahl) is the decision-maker." *Id*. at 8. The Court then requested counsel to file the deposition transcript with the pertinent pages attached for the Court to review.

The Court has reviewed the transcript of Mr. Hogdahl's deposition [51]. In response to questions regarding the decisions to place Anderson on unpaid suspension four separate times, Mr. Hoghdal testified that it was a "mutual discussion" between himself and Mr. Frega to escalate Anderson's performance to Labor Relations. [51] at 73:2-74:9; 77:11-22; 77:23-78:2; 78:3-19. He testified that Anderson was escalated to Labor Relations in order for performance related discipline to issue. *Id*. at 73:20-24.

2

Despite searching the record for Plaintiff's representation, the Court is unable to find testimony where Mr. Hoghdal clarified that he was the "decision-maker", or that he ultimately issued Anderson's discipline. Indeed, the record supports that Mr. Hoghdal only—in conjunction and collaboration with Anderson's direct supervisor, Mr. Frega— *referred* Anderson to Labor Relations. *Labor Relations* then made the decision to issue discipline, including the scope, substance, timing and requirements of that discipline. Anderson did not depose the Labor Relations decision-maker disclosed for further investigation.

Because (1) the record does not provide evidence that the ultimate decision to refer Anderson to Labor Relations was Mr. Hogdal's alone (it appears to have been a mutual decision between both Mr.Frega *and* Mr. Hoghdal), and because (2) Labor Relations, not Mr. Hoghdahl, issued Anderson's discipline, the Court denies the motion to compel the redacted names of the Auditor IIs. *See* 48 at 3 (Plaintiff's Counsel: "[W]e are looking for unredacted versions of the documents—for the Auditor II's because they're clearly comparators in light of the fact that the manager who decided to discipline my client is managing all of those individuals."). The Court agrees with IDES that the appropriate comparators are Auditor IIs that, at bottom, have the same supervisor: Mr. Frega.[1] The Court therefore denies Anderson's request to have all Auditor II names be redacted.

---

[1] Anderson must show that the comparators (1) were managed by the same supervisor; (2) were held to the same standards of performance, qualifications, and conduct; and (3) lack "differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them." *Gates v. Caterpillar, Inc.*, 513 F.3d 680, 690 (7th Cir. 2008).

## Conclusion

For the reasons explained above, the Court DENIES Plaintiff's motion to compel [46]. Dispositive motion briefing to stand. Summary judgment motion due July 18, 2025. Response due August 22, 2025. Reply due September 29, 2025.

E N T E R:

Dated: July 1, 2025

_____
MARY M. ROWLAND

United States District Judge